## BITTER *v.* UNITED STATES.

No. 201.   Decided October 16, 1967.

*Ray T. McCann* for petitioner.

*Solicitor General Marshall, Assistant Attorney General Vinson, Beatrice Rosenberg* and *Kirby W. Patterson* for the United States.

PER CURIAM.

Petitioner was tried on 18 counts of violating the mail fraud statute, 18 U. S. C. § 1341, and one count of using an assumed name, a violation of 18 U. S. C. § 1342.   On the third day of trial, the Government rested its case. This was earlier than it had announced or than petitioner had anticipated.   At recess time petitioner sought leave of the court to go to his office in order to gather additional evidence for the defense.   Permission for this was granted.   Forty-five minutes were allotted for the recess.

16

Petitioner, who had previously appeared promptly at every session of the trial, was this time tardy by 37 minutes in returning to court. Without warning, hearing, or explanation, the trial judge ordered petitioner into custody for the balance of the trial. Attempts by petitioner's counsel to offer explanations for petitioner's lateness were to no avail.

Defense counsel was then advised that petitioner would be kept in custody in a county jail located some 18 miles from the court. In fact, petitioner was taken about 40 miles distant, to a different jail. Counsel's endeavors throughout the trial to obtain petitioner's release proved fruitless. Petitioner remained in custody for the duration of the trial. He was convicted on seven counts of mail fraud and given a sentence of one year and one day on each count, the sentences to run concurrently. He was also fined a total of $3,500.

Petitioner contended that his incarceration was unjustified and that it materially interfered with his right to counsel and severely impeded his defense. The Court of Appeals for the Seventh Circuit affirmed the conviction. 374 F. 2d 744 (1967). We grant certiorari and reverse.

A trial judge indisputably has broad powers to ensure the orderly and expeditious progress of a trial. For this purpose, he has the power to revoke bail and to remit the defendant to custody. But this power must be exercised with circumspection. It may be invoked only when and to the extent justified by danger which the defendant's conduct presents or by danger of significant interference with the progress or order of the trial.* See *Fernandez* v. *United States,* 81 S. Ct. 642 (1961) (memo-

---

*It does not appear whether defendant was at large on bail at the time of the order remitting him to custody. But the same principle would apply if he had been at liberty on his own recognizance. Cf. Bail Reform Act of 1966, 18 U. S. C. § 3146 (1964 ed., Supp. II).

randum of MR. JUSTICE HARLAN in chambers); *Carbo* v. *United States,* 288 F. 2d 282 (C. A. 9th Cir. 1961); *Christoffel* v. *United States,* 89 U. S. App. D. C. 341, 196 F. 2d 560 (1951).

The record in this case shows only a single, brief incident of tardiness, resulting in commitment of the defendant to custody for the balance of the trial in a jail 40 miles distant from the courtroom. In these circumstances, the trial judge's order of commitment, made without hearing or statement of reasons, had the appearance and effect of punishment rather than of an order designed solely to facilitate the trial. Punishment may not be so inflicted. Cf. Rule 42 of Fed. Rules Crim. Proc. (governing the contempt power). We therefore hold that the order was unjustified and that it constituted an unwarranted burden upon defendant and his counsel in the conduct of the case.

Accordingly, we grant certiorari and reverse the judgment.

MR. JUSTICE MARSHALL took no part in the consideration or decision of this case.