UNITED STATES of America, Plaintiff,

v.

Thomas William GAMBLE, Defendant.

Crim. No. 68–G–20.

United States District Court S. D. Texas, Galveston Division.

Jan. 22, 1969.

Morton L. Susman, U. S. Atty., and Lee Hamel, Asst. U. S. Atty., for plaintiff.

Thomas H. Dent, Galveston, Tex., for defendant.

## MEMORANDUM AND ORDER

NOEL, District Judge.

Defendant in this cause stands accused of theft of government property and retaining stolen government property, both violations of 18 U.S.C. § 641. After being indicted on November 15, 1968, defendant appeared in open court on November 21 pursuant to a summons. Arraignment was passed until December 13 to give him time to engage counsel, and he was released on a personal recognizance bond.

On December 13, defendant again appeared, but without counsel. Arraignment was again reset, to January 6, 1969, and defendant was ordered to appear with counsel at that time. It having come to the Court's attention that defendant had failed to advise his commanding officer in the Coast Guard of the pendency of this matter, defendant was ordered to give such notice within 24 hours or be held in contempt of court.

At the January hearing defendant remained without counsel, although he informed the Court that he wanted counsel and intended to plead not guilty. It was also established that defendant had failed to notify his commanding officer as ordered in December. Because of this evidence of defendant's willful failure to comply with the orders of this Court, his bond was revoked and he was ordered placed in custody without bond. He was again directed to employ counsel.

On January 8, 1969, defendant appeared for arraignment with counsel and pleaded not guilty. Bond was set at $2,500, with a 10% deposit, pursuant to the terms of the Bail Reform Act, 18 U. S.C. § 3146. Defense counsel furnished bond, and defendant was released. Trial was set January 20 in Houston or February 10 in Galveston, at defendant's option. Subsequently, defense counsel requested the Galveston setting.

On January 15 the United States Attorney forwarded a letter from defendant's commanding officer stating that since 7:30 a.m. January 9 defendant has been carried as absent without leave from the Coast Guard base, and that the Coast Guard is currently unaware of his whereabouts. The letter also disclosed that defendant has been AWOL on three other occasions since April 1968, for in-

creasing lengths of time in each instance. The Court is also advised that defense counsel has been unable to locate defendant. This new information, which was either not available to the Court when bail was set January 8 or was not considered in setting bail, is sufficient to raise serious doubts whether the bail currently set will reasonably assure the presence of defendant at trial.

■ The Bail Reform Act, 18 U.S.C. § 3146(e), authorizes the Court at any time to amend the order setting bail "to impose additional or different conditions of relief." Moreover, as the Supreme Court stated recently in Bitter v. United States, 389 U.S. 15, 16, 88 S.Ct. 6, 7, 19 L.Ed.2d 15 (1967) (per curiam):

> A trial judge indisputably has broad powers to ensure the orderly and expeditious progress of a trial. For this purpose, he has the power to revoke bail and to remit the defendant to custody. But this power must be exercised with circumspection. It may be invoked only when and to the extent justified by danger which the defendant's conduct presents or by danger of significant interference with the progress or order of the trial.

■ Defendant's conduct since bail was set, together with his history of unexcused absence from duty, undoubtedly justify the imposition of additional conditions on his release.

The Court is loath, however, to set new conditions before granting defendant the opportunity to explain his conduct. Accordingly, defendant's bail will now simply be revoked, and he will be ordered taken into custody. New conditions for his release can be set promptly after he is apprehended.

■ Defendant's difficulties with his Coast Guard superiors, of course, are not the concern of this Court. His bail cannot be increased as punishment for his absence without leave. See Brown v. United States, 392 F.2d 189, 190 (5th Cir. 1968) (per curiam) ("Conditions of release in a non-capital case must be

for the sole purpose of reasonably assuring the presence of the defendant at trial"). It is equally clear, however, that the Bail Reform Act requires a judicial officer who has set bail to consider all information available to him and amend the conditions on the defendant's release if he determines that the bail set initially will not reasonably assure the defendant's presence in court. See 18 U.S.C. § 3146(b), (e). It is for this reason that defendant's bail will be revoked and new conditions imposed after he has been taken into custody.

■ The Bail Reform Act makes no express provision for the action to be taken here. Cf. 18 U.S.C. §§ 3143 (authorizing arrest only where the defendant's release was under an appearance bail bond with one or more sureties), 3150 (authorizing the arrest of one who "willfully fails to appear before any court or judicial officer as required"). Yet the Act expressly authorizes the amendment of conditions of release. This Court cannot suppose that Congress intended to authorize a judicial officer to impose new conditions, but to withhold from that officer the power to order the defendant recommitted to custody until the new conditions have been met. And although the Bail Reform Act is silent, Congress has not withheld this power, for the All Writs Statute, 28 U.S.C. § 1651, provides:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

As it is clear that the new conditions cannot be enforced until defendant has received actual notice of them—18 U.S. C. § 3150 makes only *willful* failures to appear criminal, and while 18 U.S.C. § 3151 permits a violation of conditions of relief to be punished as a contempt, 18 U.S.C. § 402, the criminal contempt statute, punishes only *willful* disobedience as contempt—the Court would lack jurisdiction to impose new conditions as contemplated by the Bail Reform Act if it

were unable to order the defendant taken into custody pending satisfaction of the new conditions. The All Writs Statute authorizes the arrest of this defendant, in aid of the jurisdiction granted by the Bail Reform Act to amend conditions of release.

Now, therefore, it is hereby ordered:

(1) That defendant's bail is revoked;

(2) That a bench warrant issue for defendant's arrest; and

(3) That defendant remain in custody until new conditions for his release have been set and those conditions have been met.

The above constitute findings of fact and conclusions of law. Counsel for the government will submit a warrant for defendant's arrest.