**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Charles Earl STROUD, Defendant-Appellant.**

**No. 72-2808.**

United States Court of Appeals,
Ninth Circuit.

March 2, 1973.

Certiorari Denied June 4, 1973.

See 93 S.Ct. 2759.

J. Frank McCabe, Asst. Federal Public Defender (argued), San Francisco, Cal., for defendant-appellant.

Paul J. Fitzpatrick, Asst. U. S. Atty. (argued), F. Steele Langford, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and KELLEHER,* District Judge.

DUNIWAY, Circuit Judge:

Stroud appeals from his conviction of bank robbery, 18 U.S.C. § 2113(a), and of assault by use of a dangerous weapon while committing bank robbery, 18 U.S. C. § 2113(d). We affirm the conviction but remand with directions.

On May 8, 1972, a federally insured bank in San Francisco was robbed by two men, one of them armed, who fled the scene in a tan Volkswagen driven by a third person. Shortly thereafter, the parked car was spotted by a police officer, with Stroud working under the hood. One of the robbers and the stolen money were found in the back seat; the second robber was apprehended in some bushes a short distance away. Stroud's defense was that he did know that his companions intended to rob the bank and that, upon discovery of their misdeed, he had stopped and disabled the car.

■ The trial began at 2:00 P.M. on July 31, 1972. On the morning of August 1 the government rested and Stroud took the stand. At the noon recess, after he had testified on direct examination, and been cross-examined on behalf of his co-defendant but not by the government, the jury having retired, the judge summarily ordered Stroud's bail exonerated and remanded him to custody. The judge stated only that he had "reasons for requiring the defendant to be in custody during the balance of the deliberations of this jury." Stroud's objection to this order and his motion for a continuance pending a direct appeal to this court were denied.[1] Stroud's cross-examination was completed after the recess, as was the taking of all testimony, and the case was submit-

ted to the jury the next morning. The jury found Stroud guilty on both counts. He was sentenced to six years imprisonment on count two, and the court reserved judgment on count one.

Stroud argues that his conviction should be reversed because of the revocation of his bail during trial. He relies upon Bitter v. United States, 1967, 389 U.S. 15, 88 S.Ct. 6, 19 L.Ed.2d 15, in which the Supreme Court held that it was error for a trial judge to order a defendant into custody without warning, hearing, or explanation when his only apparent default was returning late from a recess.

■ We think that, under Bitter, the revocation of Stroud's bail was improper. The trial judge gave no reasons for his action; Stroud was given no hearing at which he might have been able to rebut or explain any evidence apparently justifying revocation; it does not appear that the judge considered less drastic alternatives. At the least, the judge should have stated his reasons and given Stroud's counsel a chance to rebut them.

■ However, United States v. Allison, 9 Cir., 1969, 414 F.2d 407, 413–415, holds that, in a particular case, the error may be harmless. Stroud asserts that his composure on cross-examination might have been affected. We find nothing in the record to support this argument. Stroud also asserts that on the final day of the trial three jurors entered the courtroom early and did not see Stroud seated with his counsel. He argues that these jurors might have inferred that he was in custody, despite the fact that they were removed before the marshal brought him in. Again, there is no foundation in the record for this argument; it is pure speculation. In short, despite the substantial potential for prejudice in remanding a defendant to custody during trial, we are

* Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

1. Such orders are appealable despite the fact that they do not dispose of the merits. United States v. Carbo, 9 Cir., 1961, 288 F.2d 282, 283. Cf. United States v. Allison, 9 Cir., 1969, 414 F.2d 407, 413.

convinced that there was none in this case.

This is not to suggest that we approve of the judge's action; we do not. The error was harmless only with respect to the process by which Stroud was convicted of bank robbery; he was obviously deprived of a substantial right. We also recognize that the judge's denial of a continuance effectively insulated his order from direct appellate review. Nevertheless, the harmless error rule serves the valid purpose of avoiding a second trial which could only lead to the same result, and we apply it here. The evidence against Stroud was overwhelming.

 Stroud's second argument is that the court erred in permitting the prosecution to use a seven-year-old rape conviction to impeach him. He relies upon Luck v. United States, 1965, 121 U.S.App.D.C. 151, 348 F.2d 763, which held that a trial judge has discretion to preclude the use of prior felony convictions, and that he must weigh certain factors to determine whether the prejudice resulting from their use would outweigh their probative value.

It is not clear whether the *Luck* rationale has been adopted in this Circuit. *Compare* United States v. Haili, 9 Cir., 1971, 443 F.2d 1295, 1299, with United States v. Harper, 9 Cir., 1971, 443 F.2d 911; United States v. Allison, *supra*, 414 F.2d at 412. However, even assuming that it has, Stroud would not prevail. The judge held a hearing on Stroud's motion to preclude the use of his conviction, and was initially inclined to grant it because of the age of the conviction, the inflammatory nature of the crime of rape, and its tenuous relationship to credibility. He determined to admit evidence of the conviction only upon learning that Stroud's defense depended entirely upon his credibility. In view of the district judge's careful weighing of various relevant factors, for us to hold that he abused his discretion would in effect bar the use of rape convictions to impeach. Such a result is not supported by authority. *See, e. g.,* Rule 609, Proposed Rules of Evidence for United States Courts and Magistrates, 12 Cr.L.Rep. 3018 (1972), permitting use of any felony conviction less than ten years old.

Finally, Stroud argues that the court's order reserving judgment on his conviction under 18 U.S.C. § 2113(a) should be vacated, because that offense merged into the more aggravated offense under section 2113(d). The government concedes that this argument is correct under the law of this Circuit. Clermont v. United States, 9 Cir., 1970, 432 F.2d 1215, 1216–1217; Bayless v. United States, 9 Cir., 1965, 347 F.2d 354, 356.

The judgment of conviction is affirmed. The case is remanded with directions to vacate the order reserving judgment on count one of the indictment.

Stroud's motion for bail is denied.