**UNITED STATES of America**

**v.**

**Donald PAYDEN, et al., Defendants.**

**No. S 84 Cr. 566 (DNE).**

United States District Court,
S.D. New York.

Dec. 3, 1984.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., John K. Carroll and Stuart E. Abrams, Asst. U.S. Attys., New York City, for the U.S.

Robert M. Simels, P.C., New York City, for defendant Donald Payden.

## OPINION AND ORDER

EDELSTEIN, District Judge:

This motion involves the newly enacted Bail Reform Act of 1984, part of the Comprehensive Crime Control Act, 18 U.S.C. § 3141 *et seq.* (the "Act") which was signed into law on October 12, 1984. Specifically, Defendant Donald Payden ("Payden") challenges aspects of the pretrial detention provisions. 18 U.S.C. § 3142.

Defendant Payden was arrested on August 3, 1984 and bail was set in the amount of $250,000. Defendant has not yet posted that bail. The original indictment was filed on August 13, 1984 and the defendant was arraigned on August 23, 1984. The original indictment charged Payden and another defendant with conspiracy to violate the federal narcotics laws, in violation of 21 U.S.C. § 846, and distribution and posses-

sion with intent to distribute heroin in violation of 21 U.S.C. § 841. A superseding indictment was filed on October 10, 1984 and the defendant was arraigned on that indictment on October 17, 1984. The superseding indictment added a third defendant and further charged Payden with organizing and supervising a continuing criminal enterprise, in violation of 21 U.S.C. § 848. On October 31, 1984, the government moved this court to detain preventively defendant Payden under the newly enacted bail provisions. On October 31st the court scheduled a hearing and gave the defendant and the government an opportunity to research the issues raised by the new statute and its application to defendant Payden. A hearing was conducted on November 16, 1984. The defendant and the government filed post-hearing briefs.

The defendant raises a number of arguments against both the constitutionality of the act and the application of the act to this particular situation. First, Payden contends that the application of the Bail Reform Act to him violates the prohibition against ex post facto laws. Second, Payden contends that because the government did not move to apply the statute on his first appearance before the court, as provided by Section 3142, pretrial detention should be denied. Third, defendant contends that the Bail Reform Act is unconstitutional because it lacks adequate procedural safeguards and is vague. Defendant further contends that the period of his pretrial detention would be protracted in violation of the "excessive bail" clause of the Eighth Amendment. Finally, Payden contends that should the Act be found to apply in this case, the government has not satisfied its burden, under the terms of the statute, of proving that no condition or combination of conditions of release will reasonably assure the defendant's presence at trial and the safety of the community.[1]

## EX POST FACTO

Defendant Payden contends that application of the statute to him violates the prohibition against *ex post facto* laws[2] because the law in effect at the time of the alleged offense, "from on or about January 1, 1979, and continuously thereafter up to and including the date of the filing of this Indictment," permitted bail in the defendant's situation. This objection to the application of the statute is denied.

The *ex post facto* prohibition applies to "any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981) (quoting *Cummings v. Missouri*, 4 Wall. 277, 325–26, 18 L.Ed. 356 (1867)). The *ex post facto* prohibition also applies to laws which alter substantial rights. *Beazell v. Ohio*, 269 U.S. 167, 171, 46 S.Ct. 68, 69, 70 L.Ed. 216 (1925); *Simpson v. Wyrick*, 527 F.Supp. 1144, 1146 (W.D.Mo.1981). It is not an *ex post facto* violation "if the change is merely procedural, and does 'not increase the punishment nor change the ingredients of the offense or the ultimate facts necessary to establish guilt.'" *Weaver v. Graham, supra,* 450 U.S. at 29 n. 12, 101 S.Ct. at 964 n. 12 (quoting *Hopt v. Utah*, 110 U.S. 574, 590, 4 S.Ct. 202, 210, 28 L.Ed. 262 (1884)).

The first step is determining whether the statute is punitive. In *Schall v. Martin*, ___ U.S. ___, 104 S.Ct. 2403, 81 L.Ed.2d 207 (1984), the Supreme Court established a test for determining whether a statute is punitive or regulatory. The Court in *Schall* held that pretrial detention of accused juvenile delinquents under the New York Family Court Act is regulatory, not punitive. Under *Schall*, the test for determining whether pretrial detention is punitive or regulatory is " 'whether an alternative purpose to which [the restriction] may

---

**1.** Defendant also challenges the validity of the presumptions established by the statute. The court does not reach the issues regarding the validity of the presumptions.

**2.** "No ... ex post facto Law shall be passed." U.S. CONST. art. I, § 9, cl. 3.

rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]'." *Id.* at 2413 (quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168–89, 83 S.Ct. 554, 567–68, 9 L.Ed.2d 644 (1963)). *See also Bell v. Wolfish*, 441 U.S. 520, 538, 99 S.Ct. 1861, 1873, 60 L.Ed.2d 447 (1979) ("A Court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some ᴏother legitimate governmental purpose.").

■ The pretrial detention provisions of the Bail Reform Act do not prescribe punishment and are therefore not violative of the first two types of *ex post facto* prohibitions. The Act "is not intended to promote the traditional aims of punishment such as retribution or deterrence, but rather ... 'to curtail reasonably predictable conduct, not to punish for prior acts.'" S.Comm. on the Judiciary, Comprehensive Crime Control Act of 1983, S.Rep. No. 225, 98th Cong., 1st Sess. 8 (1983) [hereinafter cited as Senate Crime Control Report]. Moreover, pretrial detention authorized by the statute is not excessive in relation to this "alternative purpose" of curtailing reasonably predictable future conduct. Pretrial detention can only be ordered if the government shows by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community and the defendant's presence at trial. In other words, before ordering detention, the court is required to find that detention is the only method available to achieve Congress's "alternative purpose" of curtailing possible future conduct. Thus, under the Supreme Court's decision in *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), the Act is "a constitutionally permissible regulatory, rather than penal, sanction," Senate Crime Control Report, *supra*, at 8, *accord United States v. Edwards*, 430 A.2d 1321, 1331–33 (D.C.App.1981) (en banc), *cert. denied*, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982), and does not violate the first two types of *ex post facto* prohibitions.

■ The Act does not affect the elements of the offense that need to be proved by the government nor does the Act limit any defense available to the defendant and therefore is not an *ex post facto* law in that regard. *See Dobbert v. Florida*, 432 U.S. 282, 292, 97 S.Ct. 2290, 2297, 53 L.Ed.2d 344 (1977). The *ex post facto* provisions in the Constitution were not intended " 'to limit the legislative control of remedies and modes of procedure which do not affect matters of substance.'" *Id.* at 293, 97 S.Ct. at 2298 (quoting *Beazell v. Ohio*, 269 U.S. 167, 171, 46 S.Ct. 68, 69, 70 L.Ed. 216 (1925). Thus, even though the Act may work to the disadvantage of the defendant, it is not prohibited by the *ex post facto* provision. Therefore, the court finds that the application of the pretrial detention statute to defendant Payden is not violative of the *ex post facto* provision of the Constitution.

## FAILURE TO MOVE TO APPLY THE ACT ON DEFENDANT'S FIRST APPEARANCE

■ Defendant Payden also objects to the application of the pretrial detention provisions because the government did not move to apply the Act on his first appearance before the court. Defendant was arraigned on the superseding indictment on October 17, 1984 and the government moved to detain the defendant under the Act on October 31, 1984. Payden contends that this is a procedural defect which would preclude application of the Act to this case. Payden further contends that the provision relating to the application of the Act on a defendant's first appearance indicates that Congress did not intend the Act to be applied to those in custody at the time the Act became effective. The relevant portion of the statute provides:

The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance.

18 U.S.C. § 3142(f). Thus, the statute does require that a hearing be held on the defendant's first appearance. This is not, however, the only situation that a hearing may be conducted under the Act. The statute provides for the amendment of a release order. *Id.* § 3142(c). *See also id.* § 3148(b) (revocation of release on finding probable cause to believe that condition of release has been violated). Congress contemplated that a court would conduct hearings in these situations and not only on the defendant's first appearance. S.Comm. on the Judiciary, The Bail Reform Act of 1983, S.Rep. No. 147, 98th Cong., 1st Sess. 43 (1983) [hereinafter cited as Senate Bail Reform Report]; Senate Crime Control Report, *supra,* at 16. Thus, a hearing held two weeks after the initial appearance in front of the court on the superseding indictment is not beyond the scheme established by the statute [3] and does not preclude the application of the pretrial detention provisions to a person already in custody or released on bail at the time the Act became effective.

The situation in this case is within the framework established by the new Act. The continuance of the bail may be considered as a release order,[4] because it establishes a condition of release permitted under the Act. 18 U.S.C. § 3142(c)(2)(K). Thus, the hearing was conducted to amend the release order.

The authorization to amend the release orders and to conduct hearings is "based on the possibility that a changed situation or new information may warrant altered release conditions." Senate Crime Control Report, *supra,* at 16.[5] The new information that the court is considering now as compared to when the initial bail was set and when the defendant was arraigned on the superseding indictment relates to the new factors contained in the

---

3. The statute also provides that the government and the defendant may seek a continuance of the detention hearing. Section 3142(f) provides that "[e]xcept for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion for the attorney for the Government may not exceed three days." Of course, no motion for a continuance was made at Payden's arraignment on the superseding indictment, because the statute had only been enacted five days earlier and the government was not yet aware of its applicability. However, if such a motion had been made, either by the defendant or the government, the court would have ruled that there was good cause for the continuance beyond the periods specified in the statute. The parties, as well as the court, needed additional time to familiarize themselves with the provisions of the statute and their applicability to Payden.

4. Bail was not discussed when the defendant was arraigned on the superceding indictment. Even had bail been discussed at the arraignment, it is doubtful that the Act would have been applied because the court was not informed of the contents of the new statute at the time of the arraignment. In fact, a copy of the statute was not provided to the court until a memorandum on the Act dated October 23, 1984 was furnished by the Administrative Offices of the United States Courts. It is suggested that more care be taken to inform the courts prior to the effective date of far reaching legislation such as the Act in question here.

5. The statute states that "[t]he judicial officer may at any time amend his order to impose additional or different conditions of release." 18 U.S.C. § 3142(c). The statute states only that an amended order may impose "additional or different conditions of release"; the court, however, may also determine that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," 18 U.S.C. § 3142(e), and thus order detention.

This power is clearly granted by the statute. Circumstances may arise under the operation of the statute which warrant detention after the initial release determination has been made. For example, the order of "additional or different conditions" may result in the defendant being unable to meet the additional or different conditions of release. In this instance, the judge must determine that the new conditions are reasonable and necessary to assure the appearance of the defendant and that "there is no available condition of release that will assure the defendant's appearance. This is the very finding which under section 3142(e), is the basis for an order of detention." Senate Bail Reform Report, *supra,* at 42–43. In this situation, the court is to proceed with a detention hearing pursuant to 3142(f). *Id.* Thus, even though the statute does not specifically provide for an amended order to include detention of the defendant, it is clear from the legislative history and the statutory framework that the court has the authority to do so.

new Act. The Act permits a court to consider factors that were not to be considered under the old bail statute, specifically the suspect's dangerousness. Senate Bail Reform Report, *supra*, at 21–22. The "eyes of the court" were opened to these "new" facts when it became aware of the new statute.[6] Thus, the contention that a hearing cannot be held except on a defendant's first appearance is not correct.[7] Defendant Payden's objection to the application of the pretrial detention procedure to him based on this contention is denied.

## EXCESSIVE PERIOD OF DETENTION

■ Defendant objects to the application of the Act to him because of the possibility of a protracted period of detention while awaiting trial. Congress noted that the Speedy Trial Act would "assure that a person is not detained pending trial for an extended period of time." Senate Crime Control Report, *supra*, at 22 n. 63. The defendant has waived the right under the Speedy Trial Act to a trial within 70 days from the later of the filing date of the indictment or the date of the defendant's appearance before a judicial officer. 18 U.S.C. § 3161(c)(1). The waiver was accepted by the court based on a request by the defendant to be given an opportunity to listen to the numerous (nearly 3,000) tape recordings that may be introduced by the government at trial.

Defendant refers the court to the opinion in *United States v. Edwards*, 430 A.2d 1321 (D.C.App.1981) (en banc), *cert. denied*, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982). The court in *Edwards* upheld the constitutionality of the District of Columbia pretrial detention statute. The D.C. statute formed the basis for the pretrial detention statute at issue here. Senate Crime Control Report, *supra*, at 8. The court in *Edwards* stated:

> Significantly, pretrial detention is closely circumscribed so as not to go beyond the need to protect the safety of the community pending the detainee's trial. Such detention is not to exceed 60 days, by which time either the detainee must be brought to trial, or bail must be set.

*Edwards, supra*, 430 A.2d at 1333. Defendant contends that his detention would continue beyond the sixty day period discussed in *Edwards*, and thus the rationale for upholding the D.C. statute is inapplicable to the new Act. The court rejects this contention. The D.C. statute provides exceptions to the sixty day limit of detention. Specifically, the period may be extended "at the request of the [defendant]" and includes motions for continuances by the defendant. *Edwards, supra*, D.C.App., 430 A.2d at 1363 (reprint of D.C.Code 1973). The waiver of the Speedy Trial Act by the defendant is similar to the exceptions to the D.C. Code upheld in *Edwards*. Thus, the circumscription on the pretrial detention found to be significant by the court in *Edwards* is present under the new Act through the Speedy Trial Act.

There is one slight difference between the D.C. provision and the new Act. The Speedy Trial Act results in a seventy day limit on detention as compared to sixty days under the D.C.Code. The ten day

---

6. See *supra* note 4.

7. The reason for the requirement that the hearing be held on the defendant's first appearance before the judicial officer is because defendant will be detained without due process during any period of continuance. *See* Senate Bail Reform Report, *supra*, at 48. However, Payden was never incarcerated on the superseding indictment without due process. At his initial arraignment on October 17, 1984, because the new bail provisions were not brought to the attention of the court, bail was not discussed and thus Payden's bail of $250,000.00 which was set in August of 1984 was continued. Defendant

suffered no prejudice or deprivation of due process rights from the failure of the hearing to be held on October 17, 1984. Once the court was made aware of the statute's new provisions, a detention hearing was immediately scheduled. Although Payden has been detained throughout the duration of the hearing and the court's deliberations, such detention is permissible under the express provisions of Section 3142(f). Accordingly, under the circumstances of this case, the failure of the court to hold a hearing upon the defendant's first appearance on the superseding indictment does not bar an order of detention.

difference between the D.C.Code and the new Act is not significant.

Because of the complex .nature of this case and the breadth of discovery, involving approximately 3000 tapes relating to Payden's alleged criminal conduct, pretrial detention in this case could last several months. Defendant contends that despite his waiver of the Speedy Trial Act's protections, this potential period of incarceration is excessive. This contention is rejected.[8]

To allow Payden to be released on the basis of his waiver of the Speedy Trial Act would undermine the purpose of the new Act. Further, it would create a paradox by allowing those alleged to have committed the most serious crimes to be released while those committing simple crimes could be detained based on the complexity and resulting time needed to prepare for trial. In this case, Count two of the superseding indictment charges that Payden was the leader of a "continuing criminal enterprise," involving at least five other persons, which was organized and conducted for the purpose of distributing narcotics for substantial profit. Payden is subject to life imprisonment on this count alone if convicted. It is for just this sort of serious drug charge that Congress thought pretrial detention particularly appropriate. *See, e.g.,* Senate Crime Control Report, *supra,* at 13, 23–24. *See also* 18 U.S.C. § 3142(g)(1) (equating "crimes of violence" with crimes "involv[ing] a narcotic drug"). Yet, such offenses, by their very nature, often require months of discovery. Once the court finds probable cause to believe that a defendant has orchestrated a complex criminal narcotics enterprise, and clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community and the defendant's appearance at trial, the government's interest in protecting the safety of the community against continued drug trafficking by the defendant outweighs the defendant's interest in not be-

ing detained longer than seventy days if the defendant seeks a waiver of the Speedy Trial Act. It would be anomalous if courts could not detain those who pose the greatest danger to the community simply because their criminal actions require more time to defend than that of the ordinary "small-time" criminal defendant. The defendant's objection to the application of the statute based on the period of pretrial detention is rejected.

VAGUENESS

Defendant asserts that the statute is unconstitutional because it is impermissibly vague. As the Court of Appeals has stated "[c]hallenges to federal statutes on the ground of vagueness rest on the principle that a person should be free to plan his or her behavior based upon laws which are clear enough to afford one a reasonable opportunity to know what is permitted and what is proscribed." *Textile Workers Pension Fund v. Standard Dye & Finishing Co.,* 725 F.2d 843, 855 (2d Cir.1984). The statute is not tested in the abstract, rather it is examined in light of the facts of this case. *Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495 n. 7, 102 S.Ct. 1186, 1191 n. 7, 71 L.Ed.2d 362 (1982).

The defendant contends that the "statute fails to give notice of the conduct which will lead to pre-trial detention." Defendant's Preliminary Memorandum of Law Concerning Pre-Trial Detention at 4–5. This is clearly incorrect. The statute states that a detention hearing will be conducted upon motion of the government in a case that involves, among others, "an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 3142(f)(1)(C). Defendant is charged with three counts under the Controlled Substances Act, all of which carry at least a ten year maximum period of imprisonment. Thus, the statute clearly sets forth those

---

**8.** The court is prepared to go to trial when the defendant states that he is ready. The delay

here is entirely for the benefit of the defendant.

offenses that will give rise to a detention hearing.

The "void for vagueness" doctrine is usually applied to situations where a statute does not give notice of the type of behavior that is prohibited. The new bail statute does not prohibit conduct, rather it establishes a framework for a judge to detain an individual based on a prediction of possible future conduct.[9] A vagueness claim is therefore not appropriate for this statute.

■ Finally, defendant contends that the statute does not define the "danger" to which it applies. While the statute does not define the danger, it specifies a number of factors to be considered by the court in ordering detention.[10] The defendant's objection based on vagueness is rejected.

## PROCEDURAL SAFEGUARDS

Defendant challenges the standard to be used in determining whether the acts alleged in the indictment, in fact, occurred. Payden contends that because the Act does not require the judicial officer to find that there is a "substantial probability" that the defendant committed the crime charged, the Act is unconstitutional. This contention is rejected.

■ It is well settled that significant restraints on liberty may be imposed upon a showing of probable cause. *See, e.g., Gerstein v. Pugh,* 420 U.S. 103, 119–21, 95 S.Ct. 854, 865–66, 43 L.Ed.2d 54 (1975) (fourth amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty fol-

lowing pretrial arrest); *Morrissey v. Brewer,* 408 U.S. 471, 485–88, 92 S.Ct. 2593, 2602–03, 33 L.Ed.2d 484 (1972) (detention of parolee for reasonable time before revocation hearing permissible based on a finding of probable cause or reasonable grounds to believe that arrested parolee has violated parole condition). A finding of substantial probability, "equivalent to the standard required to secure a civil injunction—likelihood of success on the merits," *Edwards, supra,* 430 A.2d at 1339, has never been required. *Cf. Schall v. Martin,* — U.S. —, 104 S.Ct. 2403, 81 L.Ed.2d 207 (1984) (statute providing for pretrial detention of juveniles which did not include a requirement that substantial probability exist that juvenile committed the crime charged, upheld). Congress specifically considered and rejected such a requirement, finding that any risk of detaining defendants who are ultimately acquitted is outweighed by the practical problems posed in meeting the substantial probability requirement so early in the criminal proceedings. *See* Senate Bail Reform Report, *supra,* at 45.

Defendant notes that the D.C. statute at issue in *Edwards* required a finding of substantial probability that the defendant committed the charged offense. However, the court in *Edwards* indicated that a requirement of probable cause would have been sufficient. *Edwards, supra,* 430 A.2d at 1339. Moreover, the Department of Justice argued before Congress that "the burden of meeting the 'substantial possibility' requirement of the District of Columbia's

---

9. The fact that the statute requires the court to make a prediction as to the defendant's future behavior does not render the statute unconstitutionally vague. *Schall v. Martin,* — U.S. —, 104 S.Ct. 2403, 2417–18, 81 L.Ed.2d 207 (1984). "Our cases indicate ... that from a legal point of view there is nothing inherently unattainable about a prediction of future criminal conduct." *Id.* at 2417.

10. In *Schall v. Martin, supra,* the Supreme Court rejected a vagueness challenge to New York's Family Court Act which provides for pretrial detention of juveniles. The statute at issue in *Schall* did not specify the factors to be considered by the court in determining whether there is a "serious risk" that the defendant, if

released, would commit another crime prior to his next court appearance. The Court, nevertheless held that the statute is not unconstitutionally vague. "Given the right to a hearing, to counsel and to a statement of reasons, there is no reason that the specific factors upon which the Family Court judge might rely must be specified in the statute." *Schall v. Martin, supra,* 104 S.Ct. at 2418. The Act at issue here does specify the factors to be considered in deciding the defendant's "dangerousness" to the community. Moreover, the Act affords defendants "the right to a hearing, to counsel and to a statement of reasons." Thus, under *Schall,* the Act is not unconstitutionally vague.

pretrial detention statute was the principle reason cited by prosecutors for the failure, over much of the last ten years, to request pretrial detention hearings under the statute." Senate Bail Reform Report, *supra*, at 45. The Act contains ample procedural safeguards; a requirement of substantial probability is unnecessary and would frustrate the purposes of the Act.

■■■■■ Moreover, under the Act, a finding of probable cause is merely a prerequisite to detaining a defendant; it is by no means sufficient, in and of itself. Under Section 3142(f), if the government establishes probable cause that the defendant committed the crime charged, a rebuttable presumption is established that no condition or combination of conditions will reasonably assure the safety of the community and the defendant's appearance for trial. This presumption merely shifts the burden of production to the defendant, not the burden of persuasion. *United States v. Chimurenga et al.*, No. 84 Cr. 818 (RLC), slip op. at 13 (S.D.N.Y. Nov. 5, 1984) (Grubin, Mag.).[11] The government is still required to prove by clear and convincing evidence that detention is warranted. 18 U.S.C. § 3142(f). The defendant is "afforded an opportunity to testify, to present witnesses on his own behalf, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." *Id.* Ultimately, the weight of the evidence against the defendant is just one of several factors to be considered in determining whether any condition or combination of release conditions will secure the defendant's presence for trial and the

safety of the community. 18 U.S.C. § 3142(g).

■■■ Furthermore, there is no conflict between the provisions of the Act and the presumption of innocence. The Act specifically provides: "Nothing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j). There is "no merit in the ... contention that consideration of the weight of the evidence contradicts the presumption of innocence in criminal cases. If accepted, this view would lead to the proposition that bail could never be denied until after conviction, a proposition also negated by the Supreme Court in *Bitter v. United States*, 389 U.S. 15, 16, 88 S.Ct. 6, 7, 19 L.Ed.2d 15 (1967) (dictum)." *United States v. Kostadinov*, 721 F.2d 411, 413 (2d Cir.1983) (per curiam). Accordingly, defendant's contention that the statute lacks adequate procedural safeguards is rejected.

## APPLICATION OF THE STATUTE

The government established the rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," 18 U.S.C. § 3142(e), by establishing that there was probable cause to believe that the defendant committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 3142(e).[12] Thus, the burden of production shifted to the defendant. *United States v. Chimurenga et al.*, No. 84 Cr. 818 (RLC), slip op. at 13 (S.D.N.Y. Nov. 5, 1984) (Grubin, Mag.). *But see*

11. The weight of the presumption is viewed in the light most favorable to the defendant. Judge Duffy disagrees with Magistrate Grubin's interpretation of the presumptions, *United States v. Aiello, et al.*, No. S84 Cr. 881, slip op. at 9–14 (KTD) (S.D.N.Y. Nov. 30, 1984). Judge Duffy would require the defendant to "show specific facts rebutting the presumption." *Id.* at 12. The strength of the presumptions would also vary "depending on where the case falls in the spectrum of matters brought to this court under the Narcotics Control Act." *Id.* at 13. This court need not reach the issues regarding the presumptions because the decision to detain

Payden does not rely on the presumptions. *See infra*.

12. Probable cause was established pursuant to Rules 4(a) and 5(a) of the Fed.R.Crim.P. There was no evidence presented which would compel the court to reverse the finding of probable cause made at these earlier stages in the judicial process. Moreover, the government submitted evidence at the hearing in the form of transcripts of tape recordings that confirm the earlier findings of probable cause.

**1398**

*United States v. Aiello, et al.,* No. S84 Cr. 881, slip op. at 9–14 (S.D.N.Y. Nov. 30, 1984).[13]

The defendant satisfied his burden of production by presenting a proffer regarding his prior record of appearance on bail in a prior criminal action, his ties to the community for over twenty years which includes sharing a home with his parents. The government, however, has introduced evidence and made a proffer that satisfy the court that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e).

The statute sets forth the factors that the court is to consider in ordering detention. These factors are:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal State, or local law, and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

13. See *supra* note 11.

14. This information was submitted in the form of a proffer by the government. A proffer is

18 U.S.C. § 3142(g). The court has considered all of these factors.

The defendant is charged with very serious offenses in this case, most notably, the charge under 21 U.S.C. § 848 which carries a life sentence. The prospect of a life sentence surely provides an incentive for a defendant to flee. *United States v. Kostadinov,* 572 F.Supp. 1547, 1552 (S.D.N.Y.), *aff'd,* 721 F.2d 411 (2d Cir.1983). Further, the charges involve narcotics which is equated with crimes of violence in the text of the statute itself. 18 U.S.C. § 3142(g)(1).

The weight of the evidence against the defendant is strong. The government introduced transcripts of a number of telephone conversations. These conversations, while they do not refer to the defendant by name, are to be corroborated by an alleged co-conspirator of the defendant.[14] The government also submitted inventory lists of property seized from the residences of the defendant's alleged co-conspirators. The property included weapons, narcotics and money.

The defendant's history, while containing some redeeming factors, is decidedly weighted in favor of detention. The defendant has a prior conviction for a narcotics offense. In addition, the conduct charged in the indictment occurred during the parole term of the defendant. The danger posed to the community, should the defendant be released is quite serious. Specifically, the defendant could continue the conduct alleged in the indictment. Congress specifically noted that narcotics related offenses pose a danger to the community. Senate Bail Reform Report, *supra,* at 46–47 & n. 135; Senate Crime Control Report, *supra,* at 12–13 & n. 42.

Finally, defendant contends that he is not the type of defendant that the Act was intended to apply to. This could not be further from the truth. The defendant

sufficient unless the court finds that more is needed. The pretrial detention hearing is not a discovery tool for the defendant.

quotes portions of the legislative history which states:

> [T]here is a small but unidentifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons. It is with respect to this limited group of offenders that the courts must be given the power to deny release pending trial.

Senate Crime Control Report, *supra*, at 6–7. The superseding indictment alleges that the defendant engaged in a continuing criminal enterprise in violation of 21 U.S.C. § 848. A charge under section 848 is not taken lightly, in fact, the attorney for the defendant claimed at the hearing that a charge under section 848 must be approved by the Justice Department. Transcript of Hearing held on November 16, 1984 at 28. This certainly suggests that the defendant is among the small group intended to be detained under the new Act. The legislative history of the Act is replete with references to the application of the Act to those involved with narcotics and in fact states that there is "a presumption that drug traffickers would simply be held without bond under the bill." Senate Bail Reform Report, *supra*, at 50 n. 146. Therefore, the court concludes that the defendant is among those who the Act was intended to apply.

The defendant refers to a number of conditions of release which he believes would "reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e).[15] The court finds that no condition or combination of conditions provide sufficient assurance that the defendant will not continue the conduct alleged in the indictment and appear when required. Detention is the only means that will reasonably assure that the defendant does not continue to pose the danger to the community associated with the distribution of narcotics.

The court finds on considering these factors, taken as a whole, that the government has established by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). The defendant is therefore ordered committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultations with his counsel. All prior orders in this action pertaining to the defendant remain in effect.

## CONCLUSION

The defendant's objections to the government's motion for pretrial detention are denied. The court finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," 18 U.S.C. § 3142(e), and the defendant is remanded pending trial.

SO ORDERED.

---

**15.** Among others, the defendant proposes the use of a third-party custodian (of the defendant's own choosing), reporting on a daily basis to a designated law enforcement officer, refraining from possessing dangerous weapons, refraining from the use of alcohol, and restrictions on travel.