UNITED STATES of America,
Plaintiff(s),

v.

Robert Charles DAVIS, Defendant(s).

No. 92–CR–211 W.

United States District Court,
D. Utah, Central Division.

July 19, 1993.

Richard D. Parry, U.S. Atty., Stewart C. Walz, Stanley H. Olsen, Barbara Bearnson, Asst. U.S. Attys., Salt Lake City, UT, for plaintiff.

Peter Stirba, Margaret Olson, Salt Lake City, UT, for defendant.

## MEMORANDUM AND ORDER

BOYCE, United States Magistrate Judge.

The United States presented to the court a motion to have the defendant, Dr. Robert C. Davis, arrested and detained pending sentencing based on a sworn affidavit from an FBI agent that the defendant was about to flee from the United States. See 18 U.S.C. § 3148(b).

The principal evidence in support of the government's request was from the defendant's estranged wife. She stated that during the trial the defendant caused an application for passports for Davis and others to be obtained. Mrs. Davis was also asked to research extradition laws for the countries of Belize and Costa Rica and it was determined Belize would be the best place for defendant to flee. Also researched were various full stops for travel by air. Defendant owns a Cesna 421 multi-engine aircraft. It was alleged that defendant had been practicing solo flights during the recent past.

It was further alleged that plaintiff was liquidating assets. Mrs. Davis saw $600,000 cash in defendant's possession. $500,000 had been transferred to defendant's father. Defendant also had two passports and told Mrs. Davis that defendant had sold their home. It was also alleged defendant caused false information, allegedly from Mrs. Davis, to be provided to the court.

It was additionally alleged that state agents with the Utah Division of Investigations arrested Dino DiLello on July 14, 1993. DiLello was alleged to be a long time associ-

ate of the defendant and worked for him on a regular basis for the last several years. DiLello received "subscriptions (sic)" for drugs from defendant on a regular basis and may have assisted Davis in a fraud scheme.

Dr. Davis has been convicted, in jury trial, of 32 of 38 counts of an indictment charging him with mail and medicaid fraud. A motion for a new trial and judgment of acquittal was denied by the district court. Following the jury's verdict, the defendant was continued "on bond" by the district court.[1] Some additional conditions were imposed on defendant by the district court. The district court did not make specific findings under 18 U.S.C. § 3143(a)(1) following the jury verdict. However, the United States raised no objection and acquiesced in the continued release of the defendant.

The defendant was previously released on his recognizance by the magistrate judge. The conditions of release required that defendant appear at all times and places as ordered by the court and that he not violate any state, local, federal, or Indian tribal law. The defendant's sentencing is set for August 6, 1993. The motion of the government for the detention of the defendant was referred to the magistrate judge by the district judge under 28 U.S.C. § 636. The warrant of arrest was ordered to be executed and defendant was taken into custody by the United States Marshal Service. Defendant was brought before the court on the government's motion. Defendant appeared with counsel, Mr. Peter Stirba, Esq.

Defendant's counsel challenged the court's authority to consider further detention or other action against the defendant. Counsel contended that there is no showing the defendant has violated any condition of release and that the court may not reconsider the release of defendant under 18 U.S.C. § 3143(a)(1), because the government did not object to the district court's continued release of defendant after the jury verdict and that the court at that time determined to continue the defendant's release. Therefore,

defendant contends the government's motion should be rejected without hearing.

The position of the defendant is that even if there is probable cause to believe that the defendant was going to flee the country, and he has taken a substantial step towards flight, that no intervention by the court is proper until the defendant does actually flee and fail to appear in violation of his conditions of release. It is also defendant's position that once the court makes a determination for continued release under 18 U.S.C. § 3143(a)(1) pending sentencing, the court may not change its position and no further hearing can be held on that issue, absent a violation of conditions of release. The defendant's position is that even if defendant has told several persons that he is going to flee and not appear and has taken substantial steps to make flight, including actual flight, the court may do nothing to detain the defendant until after a nonappearance occurs.

The Bail Reform Act, 18 U.S.C. § 3143(a) provides for the detention of defendant pending sentence. It expressly provides for the defendant's detention a guilty verdict and awaiting sentence where the applicable guideline provides for imprisonment unless the "judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or community" if released. Assuming that the district court made such a determination when defendant's release was continued after the verdict, does this provision mean that once released the defendant may not thereafter be detained if the circumstances change? Obviously if defendant commits a new crime he may be detained. 18 U.S.C. § 3148; *United States v. Cook*, 880 F.2d 1158 (10th Cir.1989). Further, in the context of release pending appeal, it has been determined the court may review the conditions in light of changed circumstances. *United States v. Krzyske*, 857 F.2d 1089, 1991 (6th Cir.1988); *United States v. Black*, 543 F.2d 35, 37 (7th Cir.1976). It must be concluded that even if defendant were released under 18 U.S.C. § 3143 the court may

---

1. The defendant was never on bond but was released on his own recognizance when no representative of the United States made an appear-

ance at the time of the defendant's initial appearance.

review the release in light of changed conditions and detain the defendant if changed conditions warrant such restriction. See 18 U.S.C. § 3141(b):

> A judicial officer of a court of original jurisdiction over an offense, or a judicial officer of a Federal appellate court, shall order that, pending imposition or execution of sentence, or pending appeal of conviction or sentence, a person be released or detained under this chapter.

Therefore, it is concluded the court may properly review release under 18 U.S.C. § 3143 to determine if current circumstances warrant defendant's continued release.

■ Second, if defendant has violated a condition of release, his release may be revoked, 18 U.S.C. § 3148; *United States v. Cook*, supra. If defendant has committed a new crime, his revocation of release is proper. 18 U.S.C. § 3148(b)(1)(A) & (b)(2). If defendant fails to appear after release it is a separate and distinct crime. 18 U.S.C. § 3146. This section does not refer to an attempt, so that even if a "substantial step" is taken to violate 18 U.S.C. § 3146, no crime is committed because there is no general federal attempt statute.[2] The attempt offense must be stated in the statute defining the offense. *United States v. Rovetuso*, 768 F.2d 809, 821 (7th Cir.1985).

■ However, conspiracy to commit a crime under the laws of the United States may be applicable under 18 U.S.C. § 371. If defendant conspired with his wife or others to flee and not appear for sentencing a separate crime would be committed for conspiring to violate 18 U.S.C. § 3146 or to obstruct justice,[3] c.f. *United States v. Perlstein*, 126 F.2d 789 (3rd Cir.1942); *United States v. Montour*, 944 F.2d 1019 (2nd Cir.1991), or violate the federal contempt statute, (18 U.S.C. §§ 401, 402) depending on the circumstances, 18 U.S.C. § 3148(a). In such a situation the court may proceed to consider detention under 18 U.S.C. § 3148; *United States v. Cook*, supra. In this case the facts

in the affidavit do support probable cause of a conspiracy to violate 18 U.S.C. § 3146. Probable cause is all that is required. Id., *Cook*.

In addition, there is some recognition of an inherent power in a court to assure a defendant is present for judicial proceedings. Although pretrial release conditions are governed by the Bail Reform Act, (18 U.S.C. § 3141 et seq.) the Act has never been construed by the Supreme Court to create arbitrary restrictions on the court's authority to maintain proper jurisdiction over a defendant. *United States v. Montalvo–Murillo*, 495 U.S. 711, 110 S.Ct. 2072, 109 L.Ed.2d 720 (1990) (rejecting a rigid "first appearance" interpretation. "In our view, construction of the Act must confirm to the great principle which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confined." 495 U.S. at 717–718, 110 S.Ct. at 2077). In *Bitter v. United States*, 389 U.S. 15, 88 S.Ct. 6, 19 L.Ed.2d 15 (1967) the court acknowledged a trial judge "indisputably has broad powers to ensure the orderly and expeditious progress at trial. For this purpose, he has the power to revoke bail and remit the defendant to custody ... when ... justified by danger which the defendant's conduct presents." It must be concluded that a trial judge has inherent power to take steps to maintain jurisdiction over a released defendant, based on evidence presenting probable cause the defendant is about to flee.

Finally, 18 U.S.C. § 3142(c)(3) specifically provides that the "judicial officer may at any time amend the order [of release] to impose additional and different conditions of release." This provision allows the court to consider the information presented by the government to determine if more restrictive conditions of release should be imposed to avoid the defendant's flight.

Based on the various considerations previously identified the defendant's objection to the court hearing the government's motion

---

**2.** At hearing on this matter the possibility of attempted failure to appear under 18 U.S.C. § 3146 was suggested as a crime. However, this is not a crime under federal law since attempt is not mentioned in § 3146.

**3.** In this case evidence suggests possible violation of 18 U.S.C. §§ 1509, 1512(b).

should be denied as the court has a proper basis to act against defendant if necessary.

**SO ORDERED.**