BENTON, Judge,
concurring.
I concur in Parts I, II, and III of the majority opinion and in the judgment affirming the convictions. I do not join in Part IV.
In Virginia, the procedures for determining whether to grant or revoke bail are statutory. See Code §§ 19.2-119— 19.2-152.4. Those statutes do not permit a trial judge sua sponte and without prior notice to revoke bail of a person previously admitted to bail.
Although the bail statutes have been substantially revised after the proceeding in this case, the following statute was applicable at that time:
A. Although a party has been admitted to bail, if the amount of any bond is subsequently deemed insufficient, or the security taken inadequate, the attorney for the Commonwealth of the county or city in which the accused or juvenile taken into custody pursuant to § 16.1-246 is held for trial may, on reasonable notice to the accused or juvenile *173 and to any surety on the bond of such accused or juvenile, move the court, or the appropriate judicial officer to increase the amount of such bond. The court may, in accordance with subsection B, grant such motion and may require new or additional sureties therefor, or both. Any surety in a bond for the appearance of such party may take from his principal collateral or other security to indemnify such surety against liability. The failure to notify the surety will not prohibit the court from proceeding with the bond hearing.
B. Subsequent to an initial appearance before any judicial officer where the conditions of bail have been determined, no accused or juvenile, after having been released on a bond, shall be subject to a motion to increase such bond unless (i) the accused or juvenile has violated a term or condition of his release, or is convicted of or arrested for a felony or misdemeanor, or (ii) the attorney for the Commonwealth presents evidence that incorrect or incomplete information regarding the accused’s or juvenile’s family ties, employment, financial resources, length of residence in the community, record of convictions, record of appearance at court proceedings or flight to avoid prosecution or failure to appear at court proceedings, or other information relevant to the bond determination was relied upon by the court or magistrate establishing initial bond.
Code § 19.2-132. This statute, which requires reasonable notice to the accused to change bail, necessarily requires the same notice before bail may be revoked.
Leroy Dorsey and an accomplice were arrested August 7, 1997, and charged with a robbery in Arlington and a robbery in Alexandria. After Dorsey gave a statement to the police, a magistrate in Arlington admitted him to bail. Following a hearing four days later, a general district court judge reduced the amount of the bail. Later, at the preliminary hearing, the general district court judge certified the robbery charge to the grand jury and continued Dorsey’s bail. The prosecutors sought and received from the grand jury indictments charging Dorsey with robbery and use of a firearm in the commission of *174 that robbery. At a hearing following the issuance of the indictments, the prosecutors appeared before a circuit court judge, obtained a date for a hearing, and made no motion to increase or revoke Dorsey’s bail. On October 14, 1997, the Commonwealth appeared before the same judge concerning a motion in this case. The judge granted a continuance and ordered that Dorsey’s “Bond is continued.”
The prosecutor filed a motion to join the trials of Dorsey and the accomplice. At a hearing on that motion, the trial judge, who was not the same circuit court judge that earlier continued Dorsey’s bail, granted the Commonwealth’s joinder motion. After setting the joined cases for a jury trial, the trial judge sua sponte revoked Dorsey’s bail. The prosecutor had not requested this revocation.
Although I agree with the majority opinion that Dorsey’s counsel did not object when the trial judge sua sponte revoked Dorsey’s bail and that Dorsey failed to appeal that action pursuant to Code § 19.2-124, I cannot join in an opinion condoning the trial judge’s action. “When government action depriving a person of ... liberty survives substantive due process scrutiny, it must still be implemented in a fair manner.” United States v. Salerno, 481 U.S. 739, 746, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987). Our statutory bail procedures are designed to guarantee reasonable notice and an opportunity to be heard so that bail decisions do not result in mistaken, unjustifiable, and arbitrary deprivations.
The statute places upon the prosecutor the burden to initiate actions to revoke bail upon notice to the accused. In this case, however, the trial judge acted on his own initiative. To sanction this deviation from the statutory procedure invites arbitrary and capricious results because any judge who is so inclined can now revoke bail at any hearing based solely on his or her subjective belief that another judge, who had previously admitted an accused to bail, acted wrongly. “[W]e must assume that ‘the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute.’ ” City of Virginia *175 Beach v. ESG Enters., Inc., 243 Va. 149, 153, 413 S.E.2d 642, 644 (1992) (citation omitted).[6]
The record contains no evidence to support the assertion that the joinder hearing was the first occasion at which any “judicial officer” heard the facts concerning the robbery. The record does establish, however, that at 2:15 a.m., immediately after his arrest at 1:40 a.m., Dorsey gave a complete statement to the police concerning the armed robberies. Thus, it is likely that both the magistrate, who initially set bail at 5:12 a.m. on August 7, and the judge, who found probable cause on September 10,1997, and re-admitted Dorsey to bail, heard the report of the police. In any event, before he sua sponte revoked Dorsey’s bail, the trial judge made no inquiry concerning the basis upon which those other judges admitted Dorsey to bail. He had no knowledge whether the magistrate and the two judges who admitted Dorsey to bail were aware of the particular circumstances of the offenses. He merely made a de novo decision to revoke Dorsey’s bail. That ruling, made without notice or hearing, was arbitrary and “had the appearance ... of punishment.” Bitter v. United States, 389 U.S. 15, 17, 88 S.Ct. 6, 7, 19 L.Ed.2d 15 (1967).
Once a bail decision has been made, neither the accused nor the prosecutor is statutorily entitled to have the issue of bail revisited de novo whenever another judge hears a motion or is assigned to determine some aspect of the case. See Code § 19.2-132(B). Parties are not entitled to “shop” for a judge until that party finds one who will consider de novo the bail issue and grant relief. Likewise, the statute does not autho *176 rize each judge who is assigned a motion in a case to reconsider sua sponte the issue of bail de novo.
Without sanctioning the trial judge’s actions, I would hold that Dorsey neither objected nor appealed when the trial judge sua sponte revoked his bail. See Rule 5A:18; Code § 19.2-124. Furthermore, the “ends of justice” exception to Rule 5A:18 is of no avail to Dorsey because the record establishes that on October 27,1997, four days after the judge revoked bail, a hearing was held to determine whether to readmit Dorsey to bail. When the trial judge refused to do so, no appeal was filed.
For these reasons, I would affirm the convictions.

. The current statute explicitly addresses revocation and would bar this type of revocation. In pertinent part, it provides as follows:
Subsequent to an initial appearance before any judicial officer where the conditions of bail have been determined, no person, after having been released on a bond, shall be subject to a motion to ... revoke bail unless (i) the person has violated a term or condition of his release, or is convicted of or arrested for a felony or misdemeanor, or (ii) the attorney for the Commonwealth presents evidence that incorrect or incomplete information ... was relied upon by the court or magistrate establishing initial bond.
Code § 19.2-132(B) (emphasis added).