**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0599-20T6

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

PETER K. PAUL,

      Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **November 24, 2020**
>
> **APPELLATE DIVISION**

Submitted October 30, 2020 – Decided  November 24, 2020

Before Judges Ostrer, Vernoia and Enright.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Ocean County, Complaint No. W-2019-000346-1507.

Nelson, Fromer, Crocco & Jordan, attorneys for appellant (Steven E. Nelson, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

OSTRER, P.J.A.D.

Rule 3:26-2(c)(2) governs a defendant's motion to relax conditions of his or her pre-trial release under the Criminal Justice Reform Act, N.J.S.A. 2A:162-15 to -26. The Rule empowers the trial court to recalibrate a releasee's conditions upon a showing of "a material change in circumstance." We hold that pre-trial discovery that has reduced the "weight of the evidence" against the defendant may constitute such changed circumstances. So may a defendant's compliance with restrictive conditions over an extended period, if such compliance coincides with another material change demonstrating that the defendant's pre-trial behavior may be adequately managed by less restrictive means than initially imposed. As the trial court here did not review defendant's motion to relax his release conditions under Rule 3:26-2(c)(2), we grant defendant's motion for leave to appeal, reverse the trial court's order denying relief, and remand for reconsideration.

Defendant was charged in a February 26, 2019 complaint warrant with first-degree strict liability for drug-induced death, N.J.S.A. 2C:35-9(a), and related third-degree drug crimes. Rejecting the State's motion for pre-trial detention, the trial court ordered defendant's release on level 3+ pretrial monitoring, which included home detention without electronic monitoring.[1]

[1] His Public Safety Assessment recommended release on bimonthly reporting. It stated he posed a level two risk of failure to appear, and a level three risk of

The court thereafter modified and relaxed the conditions three times, with the State's consent, by orders entered April 10, and August 8, 2019, and April 15, 2020. The modifications expanded defendant's permissible movements outside the home during designated times of the day for specific destinations or tasks. Many of those involved his new role as the children's primary caretaker, as he had lost his job and his wife returned to the workplace. Otherwise, home detention continued.

By motion, defendant sought a further modification of his pretrial conditions; specifically, he asked that the home detention condition be lifted entirely. Defendant essentially argued that new developments in his pre-trial investigation demonstrate hitherto unrecognized weaknesses in the State's case. He argued these warrant review of the pretrial conditions and lifting of home detention. Most significantly, he contended that the recently received report of his toxicology expert raises doubts about the State's expert's opinion that pills defendant allegedly distributed contained fentanyl and caused the recipient's death. Defendant also contended that recently obtained telephone records belie a statement by a State's witness. And he argued that the State failed to preserve surveillance video of the exterior of the decedent's home,

new criminal activity, with no new violent criminal activity flag. Defendant had no prior convictions and no prior failures to appear. He was forty-five at the time, married and the parent of two children.

which raises questions about whether the decedent obtained the fatal dose of fentanyl from a different person. Defendant also argued that his compliance with release conditions for over a year supported further relaxation of the conditions, which he claimed were unnecessarily burdensome.

The State responded that these developments did not weaken the State's case and the justification for home detention was unchanged. The State argued that defendant should seek relief from home detention on a task-specific basis, if the need arose.

The trial court denied defendant's request. The court deemed defendant's request as one to reopen a detention hearing under Rule 3:4A(b)(3). The Rule provides that a detention hearing may be reopened upon a showing of newly discovered information that materially bears on whether to detain the defendant. The Rule states:

> A hearing may be reopened at any time . . . if the court finds that information exists that was not known by the prosecutor or defendant at the time of the hearing and that information has a material bearing on the issue of whether there are conditions of release that will reasonably assure the defendant's appearance in court when required, the protection of the safety of any other person or the community, or that the defendant will not obstruct or attempt to obstruct the criminal justice process.
>
> [R. 3:4A(b)(3).]

The trial court stated that defendant's expert's opinion was "not relevant for the purpose of this proceeding" as it related to "credibility determinations that must be made by a jury." The court similarly characterized defendant's other points regarding weaknesses in the State's case.

The court also rejected defendant's argument that his compliance with release conditions for over a year warranted relaxing the conditions of release, because his compliance "does not address the seriousness of the charge." The court also noted that if defendant violated his conditions, the State could move to revoke his pre-trial release.

The court concluded that "[d]efendant's motion does not alter the reasoning for imposing home detention, which was the finding of probable cause on the first-degree charge of strict liability drug induced death and the seriousness of that offense. For these reasons the defendant's motion to reopen the detention hearing is hereby denied."

Defendant sought leave to appeal, renewing his argument that the recently discovered evidence undermines the strength of the State's case, and that his compliance with release conditions warrants their relaxation. He argues that the trial court erred in analyzing his motion under Rule 3:4A(b)(3).

We granted defendant's motion and now remand for reconsideration. We review for an abuse of discretion the trial court's decision to detain or release a

A-0599-20T6

defendant, and, the decision to impose conditions on release if ordered. State v. S.N., 231 N.J. 497, 515 (2018). A trial court abuses its discretion when it rests its decision on an impermissible basis or fails to consider relevant factors. Ibid. We need not defer to "a decision based upon a misconception of the law." Ibid. (quoting State v. C.W., 449 N.J. Super. 231, 255 (App. Div. 2017)).

We remand because the trial court applied the wrong rule and failed to consider relevant factors. The court should have analyzed defendant's motion under Rule 3:26-2(c)(2), which allows the court to "review the conditions of pretrial release . . . on its own motion, or upon motion by the prosecutor or the defendant alleging that there has been a material change in circumstance that justifies a change in conditions." If the court finds there has been "a material change in circumstance," it may "set new conditions of release . . . ." See State v. McCray, 243 N.J. 196, 208 (2020).

Instead, the court applied Rule 3:4A(b)(3), which pertains to reopening the hearing at which the court decides to detain or not detain. See State v. Hyppolite, 236 N.J. 154, 172 (2018) (stating that when a court reopens a hearing under Rule 3:4A(b)(3), "the trial court must again decide whether the State has presented clear and convincing evidence to justify detention"). Notably, Rule 3:26-2(c)(2) clarifies that on "finding . . . a material change in

A-0599-20T6

circumstance," the court "may not order the defendant detained except as provided in Rule 3:4A."

The Criminal Practice Committee drafted <u>Rule</u> 3:26-2(c)(2) to "allow a judge to change conditions of release, i.e., step up or down conditions based on new facts or a change in circumstance." <u>Report of the Supreme Court Committee on Criminal Practice on Recommended Court Rules to Implement the Bail Reform Law, Part 1: Pretrial Release</u> 86 (May 9, 2016) (<u>Committee Report, Part 1</u>).[2] The Committee explained that the Rule "would allow the court, on its own motion, or on motion of the prosecutor or defense counsel, to review conditions of pretrial release where there has been a material change in circumstance that justifies a change in conditions of pretrial release." <u>Ibid.</u>

Unlike <u>Rule</u> 3:4A(b)(3), which the Committee noted "largely tracks the language of N.J.S.A. 2A:162-19(f)", <u>Report of the Supreme Court Committee on Criminal Practice on Recommended Court Rules to Implement the Bail Reform Law, Part 2: Pretrial Detention and Speedy Trial</u> 12 (May 12, 2016),[3] the Committee recognized that the Criminal Justice Reform Act did not expressly authorize a court to modify conditions, <u>Committee Report, Part 1</u> at

---

[2] The report is available at https://njcourts.gov/courts/assets/supreme/reports/2016/bailreform2016.pdf.

[3] The report is available at https://njcourts.gov/courts/assets/supreme/reports/2016/bailreformlaw2016.pdf.

86. The Committee acknowledged that the proposed rule filled a "gap" in the law.  Ibid.  Although the power to modify conditions was "not specifically covered" by the statute, it was implied by a "liberal construction" of the statute, and it enabled a court to fulfill the statute's purpose "'of primarily relying on pretrial release'" to assure a defendant's appearance, protect public safety, and uphold the criminal justice system's integrity.  Ibid. (quoting N.J.S.A. 2A:162-15).

The power to modify conditions upon a material change in circumstance is also essential to assure that the conditions remain the least restrictive necessary.  The CJRA requires courts to fashion pre-trial conditions that are the "least restrictive" necessary to achieve those three goals of assuring a defendant's appearance, protecting safety, and shielding the criminal justice process from obstruction.  See State v. Robinson, 229 N.J. 44, 55 (2017); N.J.S.A. 2A:162-17 (stating that the non-monetary conditions imposed by the court "shall be the least restrictive condition, or combination of conditions, that the court determines will reasonably assure" the three goals are met).

A change in circumstance is "material" if there is a reasonable possibility that it would warrant relaxing or restricting conditions.[4]  Upon

---

[4]  By contrast, the materiality required in Rule 3:4A(b)(3) pertains to the threshold determination whether to reopen the hearing.  That rule requires new

finding a material change, "the judge <u>may</u> set new conditions of release" if the judge finds the change justifies them. <u>R.</u> 3:26-2(c)(2) (emphasis added); <u>see also</u> <u>Myers v. Ocean City Zoning Bd. of Adjustment</u>, 439 N.J. Super. 96, 101 (App. Div. 2015) (noting that the word "may" conveys an action is permissive, absent clear intent to the contrary); <u>Committee Report, Part 1</u>, at 86 (stating intent to "allow" the court to change conditions).

In this case, it was not enough for the trial court to conclude that defendant's evidence – regarding the cause of death and the possibility that the victim obtained drugs from others – presents a jury question. The issue is whether defendant's evidence, which he asserts is newly obtained, constitutes a material change in circumstance, particularly insofar as it may affect the "weight of the evidence" against him.

---

information that has a "material bearing on the issue of whether there are conditions of release" that will reasonably assure the defendant's appearance, protect safety, and prevent obstruction of the criminal justice process. The Court in <u>Hyppolite</u> held that newly released exculpatory information has a "material bearing" if "there is a reasonable possibility – not probability – that the result of the hearing would have been different had the evidence been disclosed." 236 N.J. at 169. The Court held that the "reasonable possibility" standard "focuses the parties and the court on whether evidence is important to the hearing's outcome from a reasonably objective vantage point," while recognizing the limited record upon which the parties and the court must rely. <u>Id.</u> at 169-70.

As we explained in State v. Carroll, 456 N.J. Super. 520, 533-34 (App. Div. 2018), the weight of the evidence may affect the court's assessment of a defendant's risk of flight, danger to the community, and risk to the criminal justice process.

> The "weight of the evidence" factor is another way of evaluating "the strength of the government's case." See State v. Stewart, 453 N.J. Super. 55, 70 (App. Div. 2018) (citing 18 U.S.C. § 3142(g)(1) and (2)). The weight of the evidence factor is important because it reflects upon whether a person is likely to appear, or to pose a danger to a person or the community. See United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985) (interpreting analogous "weight of the evidence factor" under federal law, 18 U.S.C. § 3142(g)). Assuming there is probable cause to believe a defendant committed the offense, if the weight of the evidence is weak, then the defendant may be more willing to put the State to the test of a trial, reducing the risk of a failure to appear. See State v. Engel, 99 N.J. 453, 460 (1985) (noting that a "fair likelihood" of conviction increases the "urge to abscond") (quoting State v. Konigsberg, 33 N.J. 367, 377 (1960)).
>
> Also, if the weight of the evidence is weak, then a court may conclude it is less likely a defendant actually committed the offense. That would allow a court to conclude it less likely that the defendant would, if released, pose a danger to the community – assuming the offense involved harm to the community – or pose a threat to the integrity of the criminal justice process – assuming the offense implicated interference with that process. See United States v. Taylor, 289 F. Supp. 3d 55, 64-69 (D.D.C. 2018) (discussing impact of "weight of the evidence" factor in detention hearing under 18 U.S.C. § 3142(g)(2)).

> [State v. Carroll, 456 N.J. Super. 520, 533-34 (App. Div. 2018).]

See also Hyppolite, 236 N.J. at 171 (suggesting that newly disclosed exculpatory evidence that "undermined a finding at the initial hearing, such as the weight of the evidence" may warrant a reopened hearing under Rule 3:4A(b)(3)); S.N., 231 N.J. at 517 (stating "weakness of the State's case generally militates in favor of release").

The trial court was obliged to determine whether, in this case, defendant's proffer of newly obtained favorable evidence changed the court's weight-of-the evidence calculation, and that factor's impact on defendant's release conditions. Like the initial detention hearing, reviewing defendant's motion should not require a mini-trial. See Robinson, 229 N.J. at 68 (stating that the detention hearing "should not turn into a mini-trial"). However, the court must consider defendant's proffer and exercise its discretion.[5]

We turn next to the court's consideration of defendant's lengthy compliance with his release conditions. The court noted that defendant's

---

[5] We can contemplate other changes – such as a key prosecution witness's recantation or death, or the suppression of a statement or piece of evidence – that would affect the weight of the evidence and may warrant relaxing release conditions. On the other hand, the prosecution's case may become significantly stronger after the initial decision, potentially creating the need for more restrictive conditions to assure the defendant's appearance, to protect community safety, or to assure the criminal justice system's integrity.

compliance did not address "the seriousness of the charge." The seriousness of the charge will not change, unless a charge is dismissed or amended. And, no doubt, the "nature . . . of the offense charged" is an essential consideration. See N.J.S.A. 2A:162-20(a). But other circumstances bearing on a defendant's risk of nonappearance, risk of threat to the safety of the community, and risk of obstructing the criminal justice process may materially change during the period of a defendant's lengthy compliance that justify a change in the conditions. The question for the trial court remains whether defendant presented a "material change in circumstance that justifies a change in the conditions."

The Criminal Justice Reform Act is modeled after the federal Bail Reform Act, 18 U.S.C. §§ 3141 to 3156. State v. Pinkston, 233 N.J. 495, 507-08 (2018). Notably, 18 U.S.C. § 3142(c)(3), like Rule 3:26-2(c)(2), authorizes a court to modify conditions of release. By contrast, 18 U.S.C. § 3142(f), which authorizes reopening a hearing, is the apparent model for N.J.S.A. 2A:162-19(f) and Rule 3:4A(b)(3), pertaining to reopening detention hearings.

Although 18 U.S.C. § 3142(c)(3) does not match word-for-word Rule 3:26-2(b)(3), it states that the court "may at any time amend the order to impose additional or different conditions of release." The court may relax conditions, see United States v. Hutchins, 298 F. Supp. 3d 1205, 1208 (E.D.

Wis. 2017), or restrict them, see United States v. Davis, 826 F. Supp. 404, 406 (D. Utah 1993).[6]

The district court in Hutchins found that the defendant's consistent compliance with conditions over an extended period of time justified relaxing conditions of release. The district court affirmed the magistrate judge's decision to remove GPS monitoring and curfew, which were imposed primarily to assure the defendant's appearance. Hutchins, 298 F. Supp. 3d at 1206. The defendant was accused of crimes related to deploying malware. Ibid. The court stated, "[I]f the Bail Reform Act requires no more than the least restrictive conditions needed to reasonably assure the defendant's appearance, then consistent compliance with existing conditions counsels in favor of reducing their severity on the theory that lesser conditions will suffice." Id. at 1208. The court distinguished a case where conditions – an internet and email access ban – were designed to prevent recidivism by a person accused of using those instrumentalities to commit wire fraud. The

---

[6] We note that 18 U.S.C. § 3145(a), entitled "[r]eview of a release order," authorizes a district court, upon a motion from a defendant or the government, to amend the conditions of release set by a magistrate judge, including those as modified pursuant to 18 U.S.C. § 3142(c)(3), Hutchins, 298 F. Supp. 3d. at 1207, as well as those set in the magistrate judge's initial detention or release order, see, e.g., United States v. Vasconcellos, 519 F. Supp. 2d 311, 314 (N.D.N.Y. 2007).

Hutchins court found that removing the GPS and home monitoring conditions "would not facilitate his recidivism." Ibid.

We recognize an important distinction between the federal statute and our Rule. The federal statute does not require a threshold showing of a "material change in circumstance" or new facts. So, the district court in Hutchins rejected the government's argument that the defendant was required to present "new facts," to justify changing his release conditions. Id. at 1209. The district court was satisfied that the defendant's lengthy compliance justified relaxing his conditions, stating, "the magistrate's conclusion is consistent with the [c]ourt's ongoing obligation under Section 3142(c) to ensure that only the least restrictive conditions necessary to reasonably assure [the defendant's] appearance are employed." Ibid.

Because the Rule's drafters contemplated a showing of "new facts or a change in circumstance," we conclude that something more than compliance over time is required to support a defendant's motion to relax conditions.[7]

---

[7] Standard 10-5.12 of ABA's Criminal Justice Standards - Pretrial Release, recommends that a showing of "changed or additional circumstances" on motion by the prosecution, defense, or by request of the pretrial services agency, may warrant review of a court's release decision or the conditions imposed. See ABA Standards for Criminal Justice: Pretrial Release, Re-examination of the release or detention decision: status reports regarding pretrial detainees (2007), https://www.americanbar.org/groups/criminal_justice/publications/criminal_justice _section_archive/crimjust_standards_pretrialrelease_blk/#10-5.12.

Indeed, to obtain a modification of the conditions under <u>Rule</u> 3:26-2(c)(2), the moving party must demonstrate not only "a material change in circumstance" but also that the material change "justifies a change in the conditions." A defendant's consistent and extended compliance with conditions, coupled with some material development, may result in lowering the risk a defendant will flee, cause harm, or undermine the criminal justice process. If presented with such facts, the court must determine whether the extended compliance, coupled with some other material development, constitutes a material change in circumstance and, if so, whether the change also justifies a modification of the conditions of release. That determination will necessarily require that the court consider all of the factors pertinent to the imposition of the conditions in the first instance.

Here, we remand for the trial court to decide if defendant's extended compliance with conditions, coupled with a material development, constitutes a material change in circumstance that justifies relaxing his release conditions. To make that determination, the court must consider how relaxing the conditions would impact the conditions' ultimate purpose to assure defendant's appearance, community safety, and the criminal justice system's integrity. Each case is likely to be fact sensitive, drawing on the trial court's discretion.

A-0599-20T6

We express no opinion as to whether, in this case, relaxation is warranted. That determination shall, in the first instance, be made by the trial court.

Reversed and remanded for reconsideration. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0599-20T6